BURROWS et al. v. GOWER.

(District Court, D. Massachusetts. December 26, 1902.)

No. 1,257.

1. COLLISION—FOG SIGNALS—SAILING VESSEL LYING TO.

A sailing vessel lying to in a fog, but having some of her sails up, is "under way," and is governed by article 15, cl. "c," of the international navigation rules, and where the wind is on her starboard bow she is on the starboard tack, and the proper fog signal is one blast.

In Admiralty. Suit for collision.

Wm. A. Pew, Jr., for libelants.

Carver & Blodgett, for respondent.

LOWELL, District Judge (after finding the Gower at fault). The Story I hold to blame for not sounding her fog horn until it was too late. Counsel for the libelee also contended that the signal she gave, one blast, was incorrect, as she was not "sailing," in the ordinary sense of the word, but was rather lying to. I have therefore to consider what signal is required by the international rules from a vessel lying to in a fog. The question calls for an examination of the rules in some detail.

The Story was under way, within the definition of the international rules. Mars. Mar. Coll. 405, 431; The Columbian, 100 Fed. 991, 41 C. C. A. 150. The Alfredo (D. C.) 30 Fed. 842, affirmed in (C. C.) 32 Fed. 240, was decided under the rules of 1885, which did not contain the existing definition. Act 1885, c. 354; 23 Stat. 438. If a vessel under way, with the wind on her starboard bow, is necessarily on the starboard tack, then the Story should have given one blast on her horn, whether she was making any headway or not. Apart from article 15, cl. "e," the above is the correct construction of the international rules. This appears from a comparison of clauses "a," "b," and "c." Clause "a" deals with a steam vessel "having way upon her,"—a phrase carefully distinguished from the phrase "under way." Clause "b" deals with a steam vessel "under way, but stopped, and having no way upon her,"—a phrase which indicates that a vessel "stopped and having no way upon her" is yet deemed to be "under way," within the purview of article 15. Clause "c" deals with a sail-

¶ 1. Signals of meeting vessels, see note to The New York, 30 C. C. A. 630.

ing vessel "under way," including, it seems, the case of a sailing vessel "having way upon her," and that of a sailing vessel "stopped and having no way upon her." Such a vessel must be deemed to be (1) on the starboard tack, or (2) on the port tack, or (3) with the wind abaft the beam. No fourth case is supposed possible, for, if there were a fourth case, it would not be provided for by the rules. Clause "d" deals with any vessel at anchor, whether a steam or a sailing vessel. Thus far all is plain. The doubt is introduced by clause "e." This deals with three vessels. All come within the general classification of clauses "a" and "c," but they are by clause "e" specially excepted therefrom. With the first two exceptions—that of a vessel towing and that of a vessel laying or picking up a cable— we are not here concerned. Is a vessel lying to, with some of her sails up, "a vessel under way, which is unable to get out of the way of an approaching vessel through being not under command, or unable to maneuver as required by the rules"? Such a vessel is not wholly without ability to maneuver. Her condition is not the result of an accident, within the terms of article 4, cl. "a." On the other hand, she is not able to maneuver rapidly, and she is not under immediate command. Article 9, cl. "d," shows that the situation of a vessel, fishing like the Story, is recognized to be unlike that of a vessel sailing in the ordinary way; but the application of that clause is specifically limited to the coasts of Europe, and American fishermen must govern themselves as if that clause did not exist. Upon the whole, I think that clause "c" of article 15, rather than clause "e," applies, and that a signal of one blast is proper in the case supposed. See the earlier form of article 15, cl. "e" (29 Stat. 888). I am disposed to agree with Mr. Marsden (page 430) that article 15, cl. "e," must be read in connection with article 4, cl. "a," which deals with a vessel "which from any accident is not under command." The signals required by article 4, cl. "a," "are to be taken by other vessels as signals that the vessel showing them is not under command, and cannot therefore get out of the way." Article 4, cl. "d." It follows that the signal of the Story, when given, was proper. The interpretation thus put upon the international rules is, I believe, that generally followed in practice. In this article, as in some others, the international rules are loosely and ambiguously expressed.

Decree for half damages and costs.